## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IDEAL AEROSMITH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 07-1029 |
| | ) |
| ACUTRONIC USA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER

The parties to this contentious litigation have filed four discovery motions in connection
with the depositions that have been held in this action. This memorandum order addresses
Plaintiff's Motion to Change Defendant's Confidentiality Designation and for Sanctions under
Rule 37 [Docket No. 96], the response thereto [Docket No. 100], and the reply [Docket No. 111];
and Plaintiff's Motion for Sanctions against Defendant Acutronic Schweiz AG, for its Failure to
Designate Rule 30(B)(6) Witnesses [Docket No. 97], the response thereto [Docket No. 101] and
the reply [Docket No. 112].[1]  Have carefully considered the motions and their responses, I find as
follows:

## I.    Motion to Change Defendant's Confidentiality Designation [Docket No. 96]

Defendant Acutronic USA, Inc. (Acutronic USA") has designated the entire deposition

---

[1]Plaintiff's motion to compel discovery [Docket No. 98] and Defendants' motion for a
protective order [Docket No. 104] shall be addressed by separate order.

1

transcript of Howard Havlicsek, taken on June 16, 2008, as "Confidential Attorneys Eyes Only" in accordance with the Protective Order entered on June 24, 2008 [Docket No. 68]. Pursuant to the terms of the Protective Order, information designated "Confidential Attorneys Eyes Only" may be disclosed only to "(a) two (2) in-house counsel who are identified by the receiving party; (b) outside counsel for the receiving party; (c) supporting personnel employed by (a) and (b), such as administrative assistants, paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (d) experts or consultants; and (e) [any other person agreed to by the designating party]." Id. at 6. This designation is intended to apply to "information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter." Id. at 2. The burden of justifying the confidentiality of the material sought to be covered by a protective order remains on the party seeking the order. See, e.g., County Council of Northampton County v. SHL Systemhouse Corp., 182 F.R.D. 161, 162-63 (E.D. Pa. 1998).

I have reviewed the deposition transcript at issue and find Defendant's designation of the entire transcript as "Confidential Attorneys Eyes Only" to be overbroad. While some material therein - and Defendant has identified nine questions in a 149-page transcript - doubtless falls within this category, Defendant has certainly not convinced the Court that the entire transcript requires such a restrictive designation.[2]

---

[2]Nor am I convinced that each of the nine questions identified by Defendants warrants the designation. For instance, I consider the identification of those individuals who serve on Acutronic USA's management committee to be, at most, "Confidential" information.

2

Accordingly, Defendant has seven (7) days from the date of this Order to specifically identify those portions of the deposition transcript, by page and line number, that warrant the "Confidential - Attorneys Eyes Only" designation. Given the contentious history between counsel in this case, I further feel the need to direct counsel for Acutronic USA that the designations must be made in good faith, and that sanctions will be seriously considered for failure to do so. After the expiration of the seven-day period from the date of this Order, any information not newly designated "Confidential - Attorneys Eyes Only" shall be considered "Confidential Information" as provided in the Protective Order.[3]

## II.    Plaintiff's Motion for Sanctions Against Defendant Acutronic Schweiz AG for Its Failure to Designate A Rule 30(b)(6) Witness [Docket No. 97]

Plaintiff seeks sanctions against Defendant Acutronic Schweiz AG ("Acutronic Switzerland") for its failure to produce a 30(b)(6) witness concerning topics numbered 1-3 and 7-8 of its Notice of Deposition. Topics 1-3 of the Notice of Deposition seek information generally concerning the corporate Defendants' e-mail systems, other computer systems, and backup policies and procedures. [Docket No. 97-2, at 2.] Topics 7 and 8 seek information regarding "Defendant's answers to Plaintiff's First Set of Interrogatories" and "Defendant's responses to Plaintiff's First Request for Production of Documents." [Id.]

With respect to topics 7 and 8, Plaintiff has not met its burden of demonstrating the appropriateness of sanctions. Mr. Jung, the corporate designee, testified that he had "general knowledge" relating to topics 7 and 8. [Docket No. 97-3, at 8.] Plaintiff has not identified a

---

[3]While I agree with Plaintiff that some limited portions of the transcript may not warrant even a "Confidential" designation, I do not feel that the "Confidential" designation will impede Plaintiff's ability to present its case.

3

single question asked pursuant to these topics which Mr. Jung failed to answer. Accordingly, I deny Plaintiff's motion for sanctions with respect to those topics.

However, Mr. Jung's inability to respond to questions relating to topics 1-3 of the Notice of Deposition raises significant concerns. Plaintiff alleges, and Defendant does not dispute, that Acutronic Switzerland and the individual Swiss Defendants produced only *one* document during discovery, consisting of coverage provisions of a commercial insurance policy. [See Docket No. 97, at 10.] Moreover, documents produced by Acutronic USA clearly establish that at least twenty-four e-mails were forwarded from Acutronic USA to Acutronic Switzerland. [Docket No. 112-5.][4]

Acutronic Switzerland argues that information relating to Acutronic Switzerland's e-mail system, computer systems and back-up procedures is irrelevant to Plaintiff's remaining claims of misappropriation of trade secrets, unfair competition and conspiracy. It further argues that the only source of such information is an independent consultant in Switzerland, Mr. Schweitzer, who will not consent to testify on behalf of Acutronic Switzerland. [Docket No. 101, at 5.] According to Acutronic Switzerland, if Plaintiff wanted information on these topics, it should have pursued Mr. Schweitzer in Switzerland.

Federal Rule of Civil Procedure 36(b)(6) requires that a noticed organization "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf...." "The designated deponent has a duty of being knowledgeable on the subject matter

_____

[4]Acutronic Switzerland's claim that "there were only a handful of e-mails that were forwarded to Mr. Jung" is patently false. [Docket No. 101, at 3.] It offers no explanation for why it failed to comply with Plaintiff's document request, even to the extent of producing the e-mails clearly forwarded from Acutronic USA to Acutronic Switzerland.

identified in the area of inquiry. A corporation must prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." Guy Chem. Co. v. Romanco N.V., 2007 WL 184782, at *10 (W.D. Pa. Jan. 22, 2007). "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Id. (citations omitted); see also, State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc., 250 F.R.D. 203, 216 (E.D. Pa. 2008) ("A rule 30(b)(6) designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access.") "'When a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d).'" Id. (citing Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir. 2000)).

I reject Acutronic Switzerland's arguments that the deposition topics relating to its e-mail and computer system were irrelevant to Plaintiff's claims, and that it had no obligation to produce a witness with knowledge of these topics. This case involves e-mails acquired by Defendants which purportedly contain Plaintiff's trade secret information. Plaintiff has alleged that Acutronic USA shared this information with Acutronic Switzerland, and that both Defendants used this information to compete unfairly with Plaintiff. In support of its motion for sanctions, Plaintiff has submitted evidence produced by Acutronic USA that, indeed, e-mails were forwarded from Acutronic USA to Acutronic Switzerland.

In modern litigation, discovery almost always involves the production of documents stored on computers, servers and other electronic facilities. It is commonplace in litigation to

5

inquire of a corporate defendant the steps it took to find and produce documents relating to the litigation, as well as the corporation's electronic document storage and retrieval systems, in order to ensure that discovery was diligently completed. Where a defendant, like Acutronic Switzerland, has failed to produce any meaningful documents in response to Plaintiff's discovery requests, the need for and relevance of this inquiry is unquestionable.

Thomas Jung, Acutronic Switzerland's 30(b)(6) witness, was unable to answer the most basic questions on these topics. For instance, Mr. Jung, despite claiming that he had "superficial" knowledge of topics 1-3, could not identify which computers were searched for documents, any backup tapes or other media that were searched, or what backup media was used by Acutronic Switzerland to store electronic date. (Jung 30(b)(6) deposition transcript, at 51-56.) Mr. Jung testified that directions to search for responsive documents were given by U.S. and Swiss counsel to Mr. Jost Windlin, who then instructed "the person in charge of IT [for Acutronic Switzerland."] (Id. at 51.) According to Acutronic Switzerland's brief in opposition to this motion, Acutronic Switzerland retains an independent computer consultant, Mr. Schweitzer, to handle its IT system, and Mr. Schweitzer refused to testify on Acutronic Switzerland's behalf. (Docket No. 101, at 4-5.)

If Mr. Jung did not have personal knowledge of Acutronic Switzerland's computer systems and any searches that were conducted to obtain discoverable material in this action, then he had an obligation to educate himself on this issue if it was reasonable to do so. Mr. Schweitzer, while an independent consultant, is nevertheless retained to be of service to Acutronic Switzerland in connection with its computer systems. Based on the record before me, I see no reason why Mr. Jung could not have prepared himself, either through documentation

6

prepared by Mr. Schweizter or conversations with him, to answer even the foundational questions posed by counsel for Plaintiff at the 30(b)(6) deposition. Accordingly, I find that Acutronic Switzerland failed to produce a witness in conformance with the requirements of Rule 30(b)(6).

Having found that Acutronic Switzerland failed to produce a witness in accordance with the strictures of Rule 30(b)(6), Acutronic Switzerland is now subject to sanctions pursuant to Rule 37(d). A determination of sanctions is within the discretion of the trial court. See, e.g., Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995). Rule 37 provides that sanctions may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment;" or payment of reasonable expenses and attorneys' fees. Fed. R. Civ. P. 37(b)(2)(A) and 37(d).

I believe that Plaintiff's request that a default judgment be entered against Acutronic Switzerland is inappropriate at this time. However, Acutronic Switzerland shall reimburse to Plaintiff one-third of Plaintiff's expenses and attorneys' fees incurred in the preparation for and attendance at the Rule 30(b)(6) deposition of Thomas Jung. Acutronic Switzerland shall pay the attorneys' fees and expenses incurred by Plaintiff in connection with this motion. Finally, Acutronic Switzerland shall produce a witness to provide answers to topics 1-3 of Plaintiff's Notice of Deposition Pursuant to Rule 30(b)(6). The deposition shall be held in Pittsburgh,

7

Pennsylvania, and shall occur within fourteen (14) days of the date of this Order. Acutronic Switzerland shall pay its own travel and lodging expenses.

* * *

Based on the foregoing, it is ORDERED that:

(1) Plaintiff's motion to change Defendant's confidentiality designation and for sanctions under Rule 37 [Docket No. 96] is GRANTED in part and DENIED in part;

(2) Defendant Acutronic USA shall, within seven (7) days of the date of this Order, identify those portions of the deposition transcript of Howard Havlicsek which require a "Confidential Attorneys' Eyes Only" designation as defined in the Protective Order; and it is further ORDERED that

(3) Plaintiff's motion for sanctions against Defendant Acutronic Switzerland for its failure to designate Rule 30(b)(6) witnesses is GRANTED in part and DENIED in part;

(4) Defendant Acutronic Switzerland shall reimburse Plaintiff for one-third (1/3) of the expenses and attorneys' fees incurred in the preparation for and attendance at Mr. Jung's Rule 30(b)(6) deposition;

(5) Defendant Acutronic Switzerland shall produce a Rule 30(b)(6) witness to be deposed on topics one through three of the Rule 30(b)(6) Deposition Notice, at a deposition to be held in Pittsburgh, PA, within fourteen (14) days of the date of this Order; and

(6) Defendant Acutronic Switzerland shall reimburse Plaintiff for the costs and attorneys' fees incurred in connection with this motion.

> BY THE COURT:
> s/Donetta W. Ambrose
> Donetta W. Ambrose,
> Chief U.S. District Judge

8